Stanley Goff, Bar No. 289564
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiff Brad Mrozek

1
2
3
4
5

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

6
7
8

| | |
|---|---|
| BRAD MROZEK, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES: 8TH AMENDMENT VIOLATION [42 U.S.C. § 1983] |
| vs. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION AND DOES 1-50 | |
| Defendants. | |

9
10
11
12
13
14
15
16
17
18
19
20
21
22

**DEMAND FOR JURY TRIAL**

23
24
25
26
27
28

COMPLAINT FOR DAMAGES- 1

**JURISDICTION**

1. This court has jurisdiction over the subject matter of this complaint under 42 U.S.C. §1983.

**I.**

**PARTIES**

2. Plaintiff Brad Mrozek brings an action for the above-mentioned federal causes of action.

3. The California Department of Corrections and Rehabilitation is a public entity operating in the State of California.

4. Defendant California Department of Corrections and Rehabilitation Officer Amaya was at all times relevant to this complaint employed as a correctional officer who engaged in the acts leading to the plaintiff's injuries. This defendant officer is being sued in his individual capacity and official capacity.

5. Defendant California Department of Corrections and Rehabilitation Lt. Espinosa was at all times relevant to this complaint employed as a correctional officer who engaged in the acts leading to the plaintiff's injuries. This defendant officer is being sued in his individual capacity and official capacity.

6. Defendant California Department of Corrections and Rehabilitation Sgt. Castro was at all times relevant to this complaint employed as a correctional officer who engaged in the acts leading to the plaintiff's injuries. This defendant officer is being sued in his individual capacity and official capacity.

COMPLAINT FOR DAMAGES- 2

7. All defendants acted under color of law at all times during the incident.

## II.

## STATEMENT OF FACTS

8. On March 15, 2015, the plaintiff who was and is currently incarcerated at Corcoran State Prison was told that he had a visit and obtained a visit pass to participate in his visit.

9. Immediately after the plaintiff was preparing to go to his visit, he was told by a correctional officer that he had been placed on a list to take a urinalysis test.

10. The plaintiff went to the correctional officer in charge of conducting the urinalysis testing and explained to this officer that he was in the process of attending a visit with his family and could he be allowed to attend his visit first.

11. The correctional officer informed that he would have to conduct his test first and then he could go to his visit.

12. After 45 minutes of trying to urinate for the urinalysis test without any success, the correctional officer told the plaintiff that he could not go to his visit and to stay on the prison yard and drink a lot of water until he would be able to urinate for the test.

13. The plaintiff did not want to miss his visit with his family, so he respectfully approached a commanding correctional officer on the prison yard to ask if it would be possible for him to go to his visit despite the urinalysis testing.

14. The commanding officer used profane language toward the plaintiff and told him that he was busy.

15. The Plaintiff then decided to walk away and right at that moment, defendant officer Maya screamed at the plaintiff and ordered him to get against a wall. The Plaintiff obeyed the defendant's command and faced a wall on the prison yard.

COMPLAINT FOR DAMAGES- 3

16. As the Plaintiff faced the wall, defendant officer Maya, without any provocation, slammed the plaintiff heads into the wall and whispers in the Plaintiff's ear ("you want to talk shit?" "huh?" "you want to?").

17. Defendant Amaya then summoned over a dozen officers to take the plaintiff down to the ground and the plaintiff was placed in handcuffs and leg shackles so tight that the cuffs cut into his wrist and caused his wrist to bleed.

18. The plaintiff was placed in a holding cage.

19. Subsequently, defendant Amaya approached the holding cage where the plaintiff was confined and told the plaintiff "Yeah you fucking scared now?" "You scared of me now?" The plaintiff asked the defendant to leave him alone and turned his back so he would not have to face the defendant.

20. At that moment, defendant Maya reached into the holding cage, grabbed the collar of plaintiff's shirt and pulled it against the cage, so that the back of plaintiff's neck was crushed against the cage and the collar of the plaintiff' shirt was chocking him. The choking lasted about 20 seconds until defendant Amaya released the chokehold he had on the plaintiff.

21. Defendants Lt Espinosa and Sgt. Castro both witnessed the chocking of the plaintiff by Amaya and they both failed to prevent or stop defendant Amaya from chocking the plaintiff.

22. After the chocking incident, the plaintiff was left in the holding cage for 1-2 hours and then was escorted back to his cell for the remainder of the day.

23. The Corcoran prison medical staff fabricated a medical report, in which they specified that the plaintiff only had a scratch on his face, however, 3 days later, a second medical report was conducted documenting that the plaintiff had a chocking abrasion line around his neck.

COMPLAINT FOR DAMAGES- 4

24. The plaintiff filed a 602 grievance against the defendant officers and has fully exhausted his administrative remedies.

## FEDERAL CAUSE OF ACTION

### Plaintiff v. Defendant Officers  (Federal Constitutional Claims)

*Excessive Force*

25. Plaintiff alleges that the defendants violated the plaintiff's rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment when defendant Amaya engaged in the slamming of plaintiff's head into a wall and subsequently chocked the plaintiff for 20 seconds while the plaintiff's was placed in a holding cage.

26. Plaintiff alleges that the defendants Lt. Espinosa and Sgt. Castro violated the plaintiff's rights under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment when after observing defendant Amaya chocking the plaintiff for 20 seconds while the plaintiff's was placed in a holding cage, they both failed to prevent or stop defendant Amaya from chocking the plaintiff.

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS as follows:

1. Compensatory damages as to all defendants;

2. For punitive damages according to proof as to each defendant officer;

3. Reasonable attorneys' fees and costs pursuant to U.S.C. 1988;

4. For such other and further relief as the court deems just and proper

Plaintiff hereby demands a jury trial.

Dated: September 2, 2016

_/s/ Stanley Goff_
Stanley Goff Esq.,
Attorney for Plaintiff Bradley Mrozek

COMPLAINT FOR DAMAGES- 6