**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**BRAD MROZEK,**

**Plaintiff**

**v.**

**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION AND DOES 1-50,**

**Defendants**

**CASE NO. 1:16-CV-01308 AWI SKO**

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

(Doc. No. 7)

This case stems from an altercation between Plaintiff Brad Mrozek ("Mrozek"), a prisoner at Corcoran State Prison, and three correctional officers, Officer Amaya ("Amaya"), Lieutenant Espinosa ("Espinosa"), and Sergeant Castro ("Castro"). Mrozek alleges claims under § 1983 for excessive force and failure to prevent excessive force. Defendants Amaya, Espinosa, and Castro ("Defendants") now move under Rule 12(b)(6) to dismiss the Complaint in its entirety against them in their official capacities.[1] Mrozek did not file an opposition to Defendants' motion to dismiss. For the reasons that follow, Defendants' motion to dismiss will be granted.

## LEGAL FRAMEWORK

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A

[1] Although the California Department of Corrections and Rehabilitation ("CDCR") is also named as a defendant in this case, CDCR did not join in this motion. Defendants state that to their knowledge, CDCR has never been served. Mrozek has not filed a proof of service.

dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. See Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013). To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Mollett, 795 F.3d at 1065.

## FACTUAL BACKGROUND

According to the Complaint, Mrozek was incarcerated at Corcoran State Prison. On March 15, 2015, after Mrozek spoke with various unnamed officers regarding drug testing, Amaya screamed at Mrozek and ordered Mrozek up against a wall in the prison yard. Without provocation, Amaya slammed Mrozek's head against the wall. Amaya subsequently communicated obscenities towards Mrozek and held a chokehold on Mrozek while Mrozek was in a holding cage. Both Espinosa and Castro witnessed Amaya choking Mrozek but failed to prevent or stop Amaya. Mrozek states he has filed a 602 grievance against Defendants and claims to have fully exhausted his administrative remedies.

On September 2, 2016, Mrozek filed his Complaint alleging that Defendants used excessive force and/or failed to prevent or stop excessive force, in violation of the Eighth Amendment. Mrozek is suing Defendants in both their official and individual capacities, and he seeks only monetary relief.

## DEFENDANTS' MOTION

Defendants seek dismissal from this case in their official capacities. Defendants argue that Mrozek's suit against Defendants in their official capacities is barred under the Eleventh Amendment. Defendants also maintain that a state official sued in his official capacity is not a

"person" under the definition of § 1983.[2]

Defendants are correct that the Eleventh Amendment provides immunity to state officials from official capacity suits. Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010); Pittman v. Oregon, Employment Dep't, 509 F.3d 1065, 1071-72 (9th Cir. 2007). Additionally, Defendants are not "persons" under § 1983. Pittman, 509 F.3d at 1072; Wolfe v. Strankman, 392 F.3d 358, 364 (9th Cir. 2004). Therefore, Mrozek's claims against Defendants in their official capacities will be dismissed without leave to amend.[3]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that: Defendants' motion to dismiss (Doc. No. 7) is GRANTED and Mrozek's claims against Defendants Amaya, Espinosa, and Castro in their official capacities are DISMISSED without leave to amend.

IT IS SO ORDERED.

Dated: March 8, 2017

SENIOR DISTRICT JUDGE

[2] Defendants make arguments against injunctive relief under § 1983. However, Mrozek makes no request for injunctive relief in his Complaint. Because injunctive relief is not at issue, the Court need not address these arguments further.

[3] This ruling has no bearing on Mrozek's Complaint against Defendants in their individual capacities, which is not at issue here.