1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  CHRISTOPHER J. BECKER, State Bar No. 230529
   Supervising Deputy Attorney General
3  DIANA ESQUIVEL, State Bar No. 202954
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 210-7320
6   Facsimile: (916) 324-5205
    E-mail: Diana.Esquivel@doj.ca.gov

*Attorneys for Defendants Amaya, Castro, and Espinoza*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **BRAD MROZEK,**<br><br>Plaintiff,<br><br>v.<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,** | No. 1:16-cv-01308 SKO<br><br>**STIPULATION AND ORDER ENTERING PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S EIGHTH AMENDMENT CLAIM AGAINST DEFENDANT AMAYA**<br><br>Judge: Hon. Sheila K. Oberto<br>Trial Date: May 22, 2018<br>Action Filed: September 2, 2016 |

The parties, through their respective attorneys of record, stipulate and agree that partial summary judgment be entered in favor of Defendant Amaya on Plaintiff's Eighth Amendment claim for excessive force arising from the March 15, 2015 yard incident. This agreement is based on the following undisputed facts:

1. Plaintiff Bradley Mrozek is serving a twenty-seven-year-four-month prison sentence for his 2013 felony convictions. He entered the custody of the California Department of Corrections and Rehabilitation (CDCR) in March 2014.

1

Stipulation and Order Entering Partial Summary Judgment on Plaintiff's Eighth Amendment Claim Against Defendant Amaya  (1:16-cv-01308 SKO)

2. On March 24, 2015, Plaintiff was issued a Rules Violation Report (RVR), Log No. 3B-15-03-031, for "resisting a peace officer" during a March 15, 2015 yard incident involving Defendant Amaya. This yard incident is a basis for Plaintiff's 42 U.S.C. § 1983 excessive-force claim against Amaya.

3. Plaintiff was found guilty of RVR Log No. 3B-15-03-031 and assessed ninety-days of credit forfeiture, among other penalties. The forfeiture of credits adversely affected the length of Plaintiff's incarceration.

4. RVR Log No. 3B-15-03-031 was re-issued in September 2015, and Plaintiff was again found guilty of the charge of "resisting a peace officer" arising from the March 15, 2015 yard incident. He was assessed ninety-days credit forfeiture, among other penalties. The forfeiture of credits adversely affected the length of Plaintiff's incarceration.

5. The finding of guilty for RVR Log No. 3B-15-03-031R has not been reversed or vacated, and the forfeited credits have not been restored.

6. Plaintiff's excessive-force claim against Defendant Amaya arising from the March 15, 2015 yard incident, as alleged in paragraphs 15 and 16 of the complaint (ECF No. 1), is barred under the favorable-termination doctrine (*Heck v. Humphrey*, 512 U.S. 477 (1994)) because success on this claim will necessarily invalidate RVR Log No. 3B-15-03-031R.

This agreement and stipulation applies only to the yard incident at issue in this lawsuit, and does not affect Plaintiff's remaining Eighth Amendment claims against Defendants Amaya, Castro, and Espinoza arising from the March 15, 2015 holding-cell incident as alleged in the complaint. (*See* Compl. ¶¶ 18-21, ECF No. 1.) The parties agree that factual disputes exist concerning the holding-cell incident that precludes summary judgment.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

2

Stipulation and Order Entering Partial Summary Judgment on Plaintiff's Eighth Amendment Claim Against Defendant Amaya (1:16-cv-01308 SKO)

Each party is to bear his own costs and attorney's fees incurred in connection with the adjudication of the excessive-force claim arising from the yard incident.

IT IS SO STIPULATED.

Dated: January 9, 2018                                             Respectfully submitted,

XAVIER BECERRA
Attorney General of California
CHRISTOPHER J. BECKER
Supervising Deputy Attorney General

*/s/ Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants*

Dated: January 8, 2018                                             STANLEY GOFF, ESQ.

*/s/ Stanley Goff* (as authorized 1/8/18)

STANLEY GOFF
Attorney for Plaintiff

SA2016302780
33218188.docx

3

**ORDER**

On January 9, 2018, the parties filed the above stipulation (Doc. 32), indicating that the undisputed facts show there is no genuine dispute that Plaintiff's 42 U.S.C. § 1983 excessive-force claim arising from the March 15, 2015, yard incident against Defendant Amaya is barred by the favorable-termination doctrine. Based on the parties' stipulation, partial summary judgment is hereby GRANTED and entered in favor of Defendant Amaya against Plaintiff on this claim, and each party shall bear its own costs and attorney's fees in connection with the adjudication of the claim arising from the yard incident.

Based on the parties' above stipulation, this action shall proceed on Plaintiff's Eighth Amendment claims against Defendants Amaya, Castro, and Espinoza arising from the March 15, 2015, holding-cell incident as alleged in the complaint. (Doc. 32.)

IT IS SO ORDERED.

Dated: **January 10, 2018**　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

4

Stipulation and Order Entering Partial Summary Judgment on Plaintiff's Eighth Amendment Claim Against Defendant Amaya (1:16-cv-01308 SKO)